**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **DEFENDERS OF WILDLIFE**<br>1130 17th Street, NW<br>Washington, DC 20036<br><br>**CENTER FOR BIOLOGICAL DIVERSITY**<br>P.O. Box 710<br>Tucson, AZ 85702-0710<br><br>            *Plaintiffs*,<br><br>v.<br><br><br><br>**SALLY JEWELL**,<br>**Secretary, U.S. Department of the Interior**<br>1849 C Street NW<br>Washington, DC 20240<br><br>**DANIEL M. ASHE**,<br>**Director, U.S. Fish and Wildlife Service**<br>1849 C Street NW<br>Washington, DC 20240<br><br><br>            *Defendants*. | <br><br><br><br><br><br><br><br><br><br><br><br>Case No. 1:13-cv-00919-RC |

**ANSWER OF AMERICAN PETROLEUM INSTITUTE, INDEPENDENT PETROLEUM ASSOCIATION OF AMERICA, NEW MEXICO OIL AND GAS ASSOCIATION, PERMIAN BASIN PETROLEUM ASSOCIATION, AND TEXAS OIL & GAS ASSOCIATION**

Pursuant to Federal Rule of Civil Procedure 12, American Petroleum Institute, Independent Petroleum Association of America, New Mexico Oil and Gas Association, Permian Basin Petroleum Association, and Texas Oil & Gas Association ("TXOGA") (collectively "Intervenor-Defendants") hereby submit the following Answer to the Complaint for Declaratory

and Injunctive Relief filed by Defenders of Wildlife ("DOW") and the Center for Biological Diversity ("CBD") (collectively, "Plaintiffs") on June 19, 2013, in the United States District Court for the District of Columbia ("the Complaint"). All allegations in the Complaint that are not specifically admitted or otherwise answered are denied.

## INTRODUCTION

1.   Paragraph 1 constitutes Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenor-Defendants aver that the Federal Register is the best evidence of its contents.

2.   Paragraph 2 constitutes Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenor-Defendants admit the first sentence of Paragraph 2, and deny the remainder of the allegations.

3.   Paragraph 3 constitutes Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenor-Defendants admit the first sentence of Paragraph 3, and deny the remainder of the allegations.

4.   Intervenor-Defendants aver that the December 14, 2010 proposed listing, Endangered Status for Dunes Sagebrush Lizard, 75 Fed. Reg. 77,801 (Dec. 14, 2010), and the 2012 decision to withdraw that proposed listing, 77 Fed. Reg. 36,872 (June 19, 2012) provide the best evidence of their contents, and therefore deny Plaintiffs' characterization of the same. Intervenor-Defendants admit the allegations in the second sentence of Paragraph 4.

5.   Intervenor-Defendants deny the allegations in Paragraph 5.

6.   Intervenor-Defendants deny the allegations in Paragraph 6.

7.   Intervenor-Defendants deny the allegations in Paragraph 7.

8.   Intervenor-Defendants deny the allegations in Paragraph 8.

9. Intervenor-Defendants deny the allegations in Paragraph 9.

10. Intervenor-Defendants deny the allegations in Paragraph 10.

11. Intervenor-Defendants deny the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12. The allegations in Paragraph 12 regarding the Court's jurisdiction and proper notice represent a conclusion of law to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. The remaining allegations in Paragraph 12 purport to characterize statutes which speak for themselves, and therefore Intervenor-Defendants deny Plaintiffs' characterization of the same.

13. The allegations in Paragraph 13 regarding venue represent a conclusion of law to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations. The remaining allegations in Paragraph 13 purport to characterize statutes which speak for themselves, and therefore Intervenor-Defendants deny Plaintiffs' characterization of the same.

## PARTIES

14. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny the same.

15. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny the same.

16. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny the same.

17. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 and, on that basis, deny the same.

18. Paragraph 18 asserts legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 18.

19. Intervenor-Defendants admit the allegations in the first sentence of Paragraph 19. The remainder of Paragraph 19 constitutes Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in the remainder of Paragraph 19.

20. Intervenor-Defendants admit the allegations in the first sentence of Paragraph 20. The remainder of Paragraph 20 constitutes Plaintiffs' characterization of their case, to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in the remainder of Paragraph 20.

21. Intervenor-Defendants admit that the DSL can be found in shinnery oak sand dune habitat in New Mexico and Texas. Intervenor-Defendants deny the second sentence of Paragraph 21.

22. Intervenor-Defendants deny the allegations in Paragraph 22.

23. Intervenor-Defendants aver that CBD's petition serves as the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same. Intervenor-Defendants deny the remaining allegations in Paragraph 23.

24. Intervenor-Defendants aver that the December 27, 2004 Federal Register notice (69 Fed. Reg. 77167) serves as the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

25. Intervenor-Defendants admit the allegations in the first sentence of Paragraph 25. As to the second sentence of Paragraph 25, Intervenor-Defendants aver that the New Mexico Candidate Conservation Agreement/Candidate Conservation Agreement with Assurances

(CCA/CCAA) is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

26. Intervenor-Defendants aver that the December 14, 2010 Federal Register notice (75 Fed. Reg. 77801) serves as the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

27. Intervenor-Defendants aver that the December 14, 2010 Federal Register notice serves as the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

28. Intervenor-Defendants admit that the Texas Candidate Conservation Agreement/ Habitat Conservation Plan (CCA/HCP) was approved in February 2012. Intervenor-Defendants further aver that the CCA/HCP provides the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

29. Intervenor-Defendants aver that the New Mexico and Texas agreements are the best evidence of their contents, and therefore deny Plaintiffs' characterization of the same.

30. Intervenor-Defendants admit that the Federal Register notice was published on June 19, 2012, and aver that the Federal Register notice serves as the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

31. Intervenor-Defendants aver that the June 19, 2012 Federal Register notice serves as the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

32. Intervenor-Defendants deny the allegations in Paragraph 32.

33. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 and on that basis deny the same.

34. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 and on that basis deny the same.

35. As to the first sentence of Paragraph 35, Intervenor-Defendants aver that the Texas CCAA/HCP is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same. As to the second sentence of Paragraph 35, Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the specific allegations of the delegation, delineation, or extent of authority and responsibilities pursuant to the Texas CCAA/HCP, and, on that basis, deny the same.

36. Intervenor-Defendants aver that the business organization filing for the Texas Habitat Conservation Foundation is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

37. Intervenor-Defendants admit that the listed persons work for TXOGA, but are without sufficient information or knowledge to form a belief as to the accuracy of the linked article and, on that basis, deny the same.

38. Intervenor-Defendants deny the allegations in Paragraph 38.

39. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39 and, on that basis, deny the same.

40. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 and, on that basis, deny the same.

41. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, deny the same.

42. Intervenor-Defendants aver that the New Mexico CCA/CCAA and the June 19, 2012 Federal Register notice serve as best evidence of their contents, and therefore deny Plaintiffs' characterization of the same.

43. Intervenor-Defendants aver that the Texas CCAA/HCP serves as the best evidence of its contents and are without sufficient information or knowledge as to what FWS knows about individual landowners, and, on those bases, deny the same.

44. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, deny the same.

45. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45 and, on that basis, deny the same.

46. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 46 and, on that basis, deny the same.

47. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47 and, on that basis, deny the same. Moreover, Intervenor-Defendants aver that the October 5, 2012, letter is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

48. Intervenor-Defendants aver that the October 5, 2012, letter is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

49. Intervenor-Defendants aver that the December 3, 2012 letter is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

50. Intervenor-Defendants deny the allegations in Paragraph 50.

51. Intervenor-Defendants deny the allegations in Paragraph 51.

52. Intervenor-Defendants deny the allegations in Paragraph 52.

53. Intervenor-Defendants aver that the Texas CCAA/HCP is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

54. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence of Paragraph 54 and, on that basis, deny the same. Intervenor-Defendants deny the remaining allegations in Paragraph 54.

55. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 55 and, on that basis, deny the same. As to the third sentence of Paragraph 55, Intervenor-Defendants aver that the Texas CCAA/HCP is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

56. Intervenor-Defendants deny the allegations in the first sentence of Paragraph 56. The remaining allegations in Paragraph 56 asserts legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants aver that Service's "Policy for Evaluation of Conservation Efforts When Making Listing Decisions" ("PECE") is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

57. Intervenor-Defendants aver that Service's PECE is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

58. Intervenor-Defendants aver that Service's PECE is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

59. Intervenor-Defendants deny the allegations in Paragraph 59.

60. Intervenor-Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60 and, on that basis, deny the same.

**CLAIMS FOR RELIEF**

61. Intervenor-Defendants re-allege and incorporate by reference their answers to Paragraphs 1 through 60 as if fully set forth herein.

**FIRST CLAIM**

62. Intervenor-Defendants aver that the ESA is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

63. Intervenor-Defendants aver that the ESA is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

64. The first sentence of Paragraph 64 is Plaintiffs' characterization of the June 19, 2012 Federal Register notice, which serves as the best evidence of its contents and speaks for itself. Intervenor-Defendants deny Plaintiffs' characterization of the Federal Register notice on that basis. Intervenor-Defendants deny the allegations in the second sentence of Paragraph 64. The remaining allegations in Paragraph 64 assert legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendants deny the allegations in Paragraph 64.

65. Intervenor-Defendants deny the allegations in Paragraph 65.

66. Intervenor-Defendants aver that the ESA is the best evidence of its contents, and therefore deny Plaintiffs' characterization of the same.

67. Intervenor-Defendants aver that the FWS' regulations are the best evidence of their contents, and therefore deny Plaintiffs' characterization of the same.

68. Intervenor-Defendants deny the allegations in Paragraph 68.

69. In response to the allegations in the first sentence of Paragraph 69, Intervenor-Defendants aver that the Federal Register serves as the best evidence of its contents, and

therefore deny Plaintiffs' characterization of the same. Intervenor-Defendants deny the remaining allegations in Paragraph 69.

70. Intervenor-Defendants deny the allegations in Paragraph 70.

## SECOND CLAIM

71. Intervenor-Defendants aver that the ESA and FWS' regulations are the best evidence of their contents, and therefore deny Plaintiffs' characterization of the same.

72. Intervenor-Defendants admit that the FWS may consider state efforts to protect a species when evaluating whether a species warrants listing. Intervenor-Defendants deny the remaining allegations in Paragraph 72.

73. Intervenor-Defendants deny the allegations in Paragraph 73.

74. Intervenor-Defendants deny the allegations in Paragraph 74.

75. Intervenor-Defendants deny the allegations in Paragraph 75.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' complaint constitutes Plaintiffs' prayer for relief and requires no response. To the extent a response is required, Intervenor-Defendants deny Plaintiffs are entitled to any of the relief sought.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed in whole or in part because the Plaintiffs lack standing.

## THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed based on lack of jurisdiction.

WHEREFORE, Intervenor-Defendants pray for relief as follows:

1. judgment denying Plaintiffs' claims and the relief Plaintiffs have requested;

2. dismiss the Complaint with prejudice; and,

3. such other relief as this Court may deem appropriate.


Date: 9/20/2013                                            Respectfully submitted,


*/s/ Michael B. Wigmore (with permission)*  */s/ David E. Frulla*
Michael B. Wigmore                          David E. Frulla (D.C. Bar # 414170)
Sandra P. Franco                            Wayne D'Angelo (D.C. Bar # 464734)
                                            Elizabeth C. Johnson (D.C. Bar # 987429)
BINGHAM MCCUTCHEN LLP
2020 K Street, NW                           KELLEY DRYE & WARREN LLP
Washington, DC 20006                        Washington Harbour, Suite 400
Telephone: (202) 373-6000                   3050 K Street, NW
Facsimile: (202) 373-6001                   Washington, DC  20007-5108
                                            Telephone: (202) 342-8400
*Counsel for Movant Texas Oil & Gas*        Facsimile: (202) 342-8451
*Association*
                                            *Counsel for Movants American Petroleum*
                                            *Institute, Independent Petroleum Association*
                                            *of America, New Mexico Oil and Gas*
                                            *Association, and Permian Basin Petroleum*
                                            *Association*